IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 19, 2015 at Knoxville

## ADRIAN WILKERSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 95-B-856     Monte D. Watkins, Judge**

---

**No. M2015-00420-CCA-R3-PC – Filed September 8, 2015**

---

The petitioner, Adrian Wilkerson, appeals pro se from the summary dismissal of his 2014 petition for post-conviction relief, which challenged his 1996 convictions of first degree felony murder, especially aggravated robbery, and theft of property valued at $1000 or more but less than $10,000.  Because the petition was filed more than a decade beyond the applicable statute of limitations, because this is the petitioner's second successive petition for post-conviction relief, and because the petitioner failed to either allege or prove a statutory exception to the timely filing or a due process tolling of the statute of limitations, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and TIMOTHY L. EASTER, JJ., joined.

Adrian Wilkerson, Wartburg, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Victor S. Johnson III, District Attorney General; and Amy Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

In 1996, a Davidson County Criminal Court jury convicted the petitioner of first degree felony murder, especially aggravated robbery, and theft of property valued over $1000 but less than $10,000, and the trial court imposed an effective sentence of life plus 29 years in prison.  This court affirmed the convictions on direct appeal but modified the sentence to life plus 25 years. *State v. Adrian Wilkerson and Steven Murphy*, No. 01C01-9610-CR-00419, slip op. at 30 (Tenn. Crim. App., Nashville, Aug. 26, 1998).  The petitioner then filed a petition for post-conviction relief, alleging ineffective

assistance of counsel.  Following a hearing, the post-conviction court denied the petition, and this court affirmed the denial.  *Adrian Wilkerson v. State*, No. M2001-02295-CCA-R3-PC, slip op. at 1 (Tenn. Crim. App., Nashville, July 16, 2002), *perm. app. denied* (Tenn. Dec. 9, 2002).

The petitioner next sought habeas corpus relief, which was denied by the habeas corpus court, and this court affirmed the denial by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  *Adrian Wilkerson v. State*, No. M2003-01385-CCA-R3-HC (Tenn. Crim. App., Nashville, Nov. 12, 2004), *perm. app. denied* (Tenn. Feb. 28, 2005).  The petitioner then filed a second petition for writ of habeas corpus, which was denied by the habeas corpus court and again affirmed by this court by memorandum opinion.  *Adrian Wilkerson v. Howard Carlton, Warden*, No. E2007-00382-CCA-R3-HC (Tenn. Crim. App., Knoxville, Mar. 26, 2008).  The petitioner sought habeas corpus relief on a third occasion, claiming that judgments had not been entered for the convictions of especially aggravated robbery and theft.  The State filed a motion to dismiss the petition and attached to its motion copies of the petitioner's judgments.  The habeas corpus court then summarily dismissed the petition and forwarded the case to the trial court for correction of clerical errors in the judgments.  This court, once again, affirmed the decision.  *Adrian Wilkerson v. Howard Carlton, Warden*, No. E2007-02453-CCA-R3-HC (Tenn. Crim. App., Knoxville, Nov. 20, 2008).

On August 18, 2014, the petitioner filed a "Petition for Relief from Conviction or Sentence Pursuant to TCA 40-30-117a(1)(4)."  On October 9, 2014, the post-conviction court summarily dismissed the petition, deeming it time barred.

On appeal, the petitioner challenges the summary dismissal of his 2014 petition, arguing that the ineffective assistance of post-conviction counsel "excuse[d] the [p]etitioner['s] procedural default of a claim that his trial counsel was constitutionally ineffective[,] thus, denying [p]etitioner due process."  The State responds that the appeal was untimely filed and that, in any event, the petition at issue was not timely filed.

We must first address the petitioner's failure to timely file his notice of appeal.  In its brief before this court, the State correctly notes that the petitioner's February 26, 2015 notice of appeal from the order dismissing his post-conviction petition was not filed within 30 days of the entry of the challenged judgment and is therefore untimely.  *See* Tenn. R. App. P. 4(a).  Although the petitioner states in his notice of appeal that he "did not receive the Court Order dated 10-9-14 until February 10, 2015," he failed to request that we waive the untimely filing.  However, in view of the petitioner's status as an incarcerated, pro se litigant, we will waive the timely filing requirement in the interest of justice.  *See id.*

The petitioner frames his issue as one pursuant to Tennessee Code Annotated section 40-30-117, which addresses motions to reopen post-conviction proceedings:

(a) A petitioner may file a motion in the trial court to reopen the first post-conviction petition only if the following applies:

(1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial; or

(2) The claim in the motion is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the motion seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the motion must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid; and

(4) It appears that the facts underlying the claim, if true, would establish by clear and convincing evidence that the petitioner is entitled to have the conviction set aside or the sentence reduced.

(b) The motion must set out the factual basis underlying its claims and must be supported by affidavit. The factual information set out in the affidavit shall be limited to information which, if offered at an evidentiary hearing, would be admissible through the testimony of the affiant under the

rules of evidence.  The motion shall be denied unless the factual allegations, if true, meet the requirements of subsection (a).  If the court grants the motion, the procedure, relief and appellate provisions of this part shall apply.

*Id.*  However, the instant petition does not satisfy any of the statutory criteria to reopen.  We will thus examine the petition as one for post-conviction relief.

"[A] person in custody . . . must petition for post-conviction relief . . . within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken."  T.C.A. § 40-30-102(a).  "If it plainly appears from the face of the petition, . . . that the petition was not filed . . . within the time set forth in the statute of limitations, . . . the judge shall enter an order dismissing the petition.  The order shall state the reason for the dismissal and the facts requiring dismissal."  *Id.* § 40-30-106(b).  The statute of limitations for filing a post-conviction petition is jurisdictional.  *See id.* § 40-30-102(b) ("No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless [certain statutory prerequisites are met].").  Our supreme court has held that "the one-year statutory period is an element of the right to file a post-conviction petition and that it is not an affirmative defense that must be asserted by the State."  *State v. Nix*, 40 S.W.3d 459, 464 (Tenn. 2001).  Thus, "it is incumbent upon a petitioner to include allegations of fact in the petition establishing either timely filing or tolling of the statutory period," and the "[f]ailure to include sufficient factual allegations of either compliance with the statute or [circumstances] requiring tolling will result in dismissal."  *Id.*

A petition for post-conviction relief filed outside the one-year statute of limitations may nevertheless be considered if its allegations fall within three rather narrow exceptions:

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required.  Such petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually

innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and such conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid, in which case the petition must be filed within one (1) year of the finality of the ruling holding the previous conviction to be invalid.

T.C.A. § 40-30-102(b)(1)-(3). Additionally, due process principles may, in very limited circumstances, require tolling of the post-conviction statute of limitations. *See generally Seals v. State*, 23 S.W.3d 272 (Tenn. 2000); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992). To determine whether due process requires tolling of the statute of limitations, we must determine "when the limitations period would normally have begun to run"; "whether the grounds for relief actually arose after the limitations period would normally have commenced"; and "if the grounds are 'later arising,' determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim." *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995).

In the instant case, the petitioner challenged his 1996 convictions via a second post-conviction petition filed in 2014, more than a decade after the judgments became final. The statutory grounds for the tolling of the statute of limitations are not applicable. Moreover, due process principles do not mandate the tolling of the statute of limitations because the petitioner's convoluted claim for relief is not "later arising." In addition, the instant petition is the second petition for post-conviction relief filed by the petitioner. "In no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment. If a prior petition has been filed which was resolved on the merits by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." T.C.A. § 40-30-102(c). Finally, the petitioner utterly failed to cite any law in the single-sentence, declaratory argument contained in his brief and has thus waived review by this court. *See* Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court.").

For all of the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JAMES CURWOOD WITT, JR., JUDGE